IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT HAUGHIE                              :

    Plaintiff                              :

v                                           :         Civil Action No. AW-06-1955

JOSEPH H.H. KAPLAN and                      :
ARCANGELO TUMINELLI
                                            :
    Defendants                             o0o

## MEMORANDUM

The above-captioned case was filed on July 28, 2006, together with a Motion to Proceed In Forma Pauperis. Because Plaintiff appears to be indigent, his Motion shall be granted.

Plaintiff alleges that the Honorable Joseph H.H. Kaplan, a judge with the Circuit Court for Baltimore City, has wrongfully denied motions and thwarted service of process in a civil action Plaintiff filed against hisattorney, Arcangelo Tuminelli. Paper No. 1. He claims that Mr. Tuminelli committed legal malpractice while representing him in a federal habeas corpus action. *Id*. Plaintiff seeks monetary damages for Defendants' alleged judicial misconduct and legal malpractice. *Id*.

This Court is required by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious. *See, e.g., Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir.1981); *Boyce,* 595 F.2d at 951; *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d

Cir.1983); *Holloway v. Gunnell*, 685 F.2d 150, 155 (5th Cir.1982); *Milton v. Nelson*, 527 F.2d 1158, 1160 (9th Cir.1976).[1]

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions, such as the one *sub judice*, filed under 42 U.S.C. § 1983. *See Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken,

---

[1] *See e.g. White,* 886 F. 2d at 724, "Pro se complaints are to be read liberally, but § 1915(d) does not demand that we conclude 'White had alleged that he was appealing a criminal conviction returned on the planet Saturn,' before such a complaint would warrant dismissal *sua sponte* as frivolous."

the judge had subject matter jurisdiction.  *See Stump*, 435 U.S. at 356.  Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority.  *Id*. at 356-57.  Each allegation raised against Judge Kaplan pertains to actions taken in his capacity as a judge in a pending civil matter.  Accordingly, all claims against Judge Kaplan shall be dismissed.

With respect to claims raised against Defendant Tuminelli, this Court is without jurisdiction to consider the claims.  In order to successfully claim a constitutional rights violation, the named defendant must be a state actor.  Specifically, the person charged with the civil rights violation must be: a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state.  Appointment of counsel in Plaintiff's federal habeas matter does not convert otherwise private conduct into state action.  While seemingly private conduct can be the subject of a civil rights suit, it is limited to specific circumstances not present in the instant case.  The Fourth Circuit has recognized four exclusive circumstances under which a private party can be deemed to be a state actor:  (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.  *See DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999).  None of the acts or conduct alleged by Plaintiff in his complaint falls within these four categories of conduct; accordingly, the private conduct is not an action of the state. *See Andrews v. Federal Home Loan Bank of*

*Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).  The civil rights claims asserted against Tuminelli in this case must be dismissed.

While state law claims, including malpractice claims,  may be asserted in this Court in some instances, the case *sub judice* is not one of those instances.  Under 28 U.S.C. §1332 a civil action may be maintained in this Court if the amount in controversy exceeds the sum or value of $75,000 and the parties in the action are citizens of different States.  Plaintiff and Tuminelli both reside in Maryland.  Plaintiff's state claim against Tuminelli alleging legal malpractice shall be dismissed without prejudice.


August 16, 2006                                                      _____/s/_____
Date                                                                             Alexander Williams, Jr.
                                                                                 United States District Judge